UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM MAYFIELD                                                                                           PLAINTIFF
#659228

V.                                          No. 4:23-CV-01081-LPR-BBM

RODNEY WRIGHT, Sheriff,
Saline County; GILLIAM, Captain,
Saline County Detention Center;
and GRIFFIN, Lieutenant, Saline
County Detention Center                                                                              DEFENDANTS

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.    INTRODUCTION

On November 15, 2023, Plaintiff William Mayfield, an inmate in the Saline County Detention Facility, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 1). Before Mayfield may proceed, the Court

must screen Mayfield's Complaint in accordance with the Prison Litigation Reform Act ("PLRA").[1]

## II. DISCUSSION

Mayfield alleges that Defendants Sheriff Rodney Wright, Captain Gilliam, and Lieutenant Griffin are stealing money from his commissary account and falsifying records to make it appear as if he has no money in his account. (Doc. 1 at 4–5). For relief, he wants the missing money returned to his account, monetary compensation, and for the filing fees in his outstanding federal cases to be paid. *Id.* at 5. Mayfield's Complaint fails to state a cognizable claim under federal law and must be dismissed.

It is well settled that an inmate cannot maintain a Fourteenth Amendment due process claim for loss of property if he has an adequate post-deprivation remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260–61 (8th Cir. 2006). Here, Mayfield has an adequate remedy under Arkansas law because he can seek to recover his property by filing a conversion action in state court. *See Bausley v. Dugan*, 110 F. App'x 736, 736 (8th Cir. 2004) (holding that a prisoner could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, 16 F. App'x 548, 549 (8th Cir. 2001) (same); *Butler v. Smith,* 208 F.3d 217, 217 (8th Cir. 2000) (holding that

---

[1] The PLRA requires federal courts to screen prisoner complaints prior to service and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

prisoner, who alleged he was wrongly charged for meals while housed at the county jail, could not seek § 1983 relief because he could bring a conversion in state court).

Additionally, Mayfield fails to state a claim under the Fifth Amendment's Takings Clause because he does not state facts showing that his property was confiscated for "public use." U.S. Const. amend. V.[2] Thus, any such allegation should be dismissed for failure to state a claim.

### III. CONCLUSION

In sum, Mayfield's Complaint fails to state a Fourteenth Amendment due process claim for loss of property and fails to state a plausible takings claim under the Fifth Amendment.

IT IS THEREFORE RECOMMENDED THAT:

1. Mayfield's Complaint (Doc. 1) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

---

[2] Unlike loss-of-property claims brought under the Fourteenth Amendment's due process clause, the availability of a post-deprivation state remedy does *not* preclude a plaintiff from bringing a takings claim in federal court. *Knick v. Twp. of Scott, Pennsylvania*, 139 S.Ct. 2162, 2172 (2019) (overruling *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 10th day of January, 2024.

*/s/ Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE